CARPENTER *VS.* JETER.

1. A plea in detinue for slaves, that the slaves had been in de-
fendant's possession in another State, for four years; and that
by the laws of such State, such possession vested a title in the
holder—held bad.

2. To authorise the striking out of a plea, on motion, it is not
sufficient that the plea is bad: it must appear to be wholly ir-
relevant to the action.

3. The proper manner of taking advantage of a plea, *bad*, but
not foreign to the action—is by demurrer: and it is not error
for an inferior Court to refuse to strike out such plea, on mo-
tion.

This action was detinue, for certain slaves prose-
cuted by Dennis Carpenter, administrator of John
Carpenter, against the plaintiff in error, in Montgom-
ery Circuit Court.

The defendant plead, first—*non detinet.* Second,
a special plea, viz—"and for further plea in this be-
half, the said defendant saith, that the said plaintiff
ought not to further have or maintain his aforesaid
action, thereof, against her, because she says, that
the said slaves or other goods and chattels in the
several counts in the said plaintiff's declaration, des-
cribed, came to the possession of the said defendant,
in the State of South Carolina, in the year ——;
and that she, the said defendant, had the entire and
uncontrolled use and possession of the said property,
in the said State of South Carolina, for upwards of
four years, without lawful demand on such, being
brought by the said plaintiff's intestate, to recover
the same; during all of said period, the said John
Carpenter then being in life. And the said defend-

ant avers, that by the laws of the State of South Carolina, which (is) here to the Court shewn as follows, the possession of personal property without demand made, or suit brought for the same, within four years—vests the title in the person so holding the use and possession: and that the said plaintiff's intestate was, by reason thereof, barred by the said laws of the State of South Carolina, from having or maintaining any action against the said defendant, for the said goods, &c., chattels and property in the said plaintiff's declaration mentioned, in his lifetime: and so the plaintiff, &c.—and this she is ready to verify; and, wherefore, she prays judgment, if said plaintiff, his said action shall further have or maintain."

The cause having come on for trial, a motion was made, to have the plea stricken out, as a nullity; which the Court refused: whereupon the plaintiff below was non-suited; and he took a writ of error.

*Gordon*, for the plaintiff in error.

The plea here does not establish title; and is not a complete answer to the action—neither could it have been, if proved. It, in fact, only amounts to the general issue—19 Johns. R. 303.

In this State we have no special demurrer, and the question could not be reached, but by motion to strike out. Again, it does not meet the whole declaration: the averment is, that the goods, *or* the other property, were barred. It does not set out the year, and is therefore bad, for uncertainty—for time must be set forth, wherever time is essential. No replication could be formed to this plea—19 Johns. R. 349. It

does not set out a title: that is indefinite. Suppose the slaves had been obtained by a loan? a possession of four years could not vest a title. The possession, where claimed under the statute of limitations, must be fair and peaceable—11 Wheat. 371. Again, it is defective, as a plea of the statute, because it does not set it out, as existing in South Carolina: and no fact is set out here, on which issue could be taken. The rule, as to striking out pleas, is, that wherever the plea is no defence, or is subtle—it will be stricken out: but where informal, only, a demurrer is the proper course. Here, in this plea, the statute of South Carolina, relied on, is not shewn; nor what exceptions exist in it. It should be set out in such a manner as, that the Court could know, with certainty, if it be a bar to the action. If stated, then, in so defective or frivolous a manner, as not to offer a material issue, it ought to be stricken out.

*Ellis*, contra.—There is difference made between a motion to strike out, and a demurrer. Was the matter, then, on which this motion was founded, properly before the Court? All matter which goes to controvert the plaintiffs claim, is good, under the general issue: but the defendant here sets up new matter; not controverting what the plaintiff would be bound to prove. The statutes of another State, are matters of fact, to be proved, but by pleading them; and the opposite party has thus an opportunity to reply. In a plea, such as is here relied on, it is not necessary to state when the possession commenced.— Here it gives the period necessary to establish the title; and this is sufficient: as to when it commenced,

is matter of proof. There are many cases where the Courts will not strike out, when they might have sustained a demurrer to it—because the defendant can amend, in the latter case—1 Stewt. 70; 1 Tidd's P. 610–11; 3 Johns. R. 541.

LIPSCOMB, C. J.—The plea of the defendant, in this case, objected to by the plaintiff, and moved to be treated as a nullity and stricken from the record, is certainly essentially bad—but it was not foreign to the action. To justify striking out a plea, on motion, according to the case of *Morgan* vs. *Rhodes,* it is not sufficient, that it is bad, but it must be of matter wholly irrelevant to the action. We believe the correct course with such a plea as the one objected to below, would be, to demur to it. The Court below, we are bound to believe, would have sustained a demurrer, although not willing to strike it out, on motion. We can see no error in refusing the motion.

Judgment affirmed.